**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x
      :
KAMIESHA MCCLAIN, on her own behalf and   :
as mother and next friend of her minor son   :
A.W., and TRINA MCCLAIN,         :    No. 18-CV-11836 (JGK) (OTW)
      :
           Plaintiffs,     :    **REPORT & RECOMMENDATION**
      :
      -against-       :
      :
THE CITY OF NEW YORK, et al.,     :
      :
           Defendants.     :

-------------------------------------------------------------x

**ONA T. WANG, United States Magistrate Judge:**

**To the Honorable John G. Koeltl, United States District Judge:**

Plaintiff Kamiesha McClain[1] ("Plaintiff") brings this §1983 action on her own behalf and

on behalf of her minor son, A.W., against, *inter alia*, the City of New York and individual police

officers, for civil rights violations stemming from a police search of her apartment. Plaintiff

alleged that police officers forcefully entered her home on the morning of January 12, 2016 on

suspicion that the apartment was being used to sell drugs.[2] First Amended Complaint

("Compl.") (ECF 23) ¶¶ 9, 15, 42. During the search, Plaintiff alleged, the officers employed

excessive force by tying her to a chair and pointing a gun at her son, A.W., who was six years

old at the time. Compl. ¶¶ 5, 19-20, 28. As a result, although A.W. did not suffer any physical

---

[1] Plaintiff Kamiesha McClain's mother, Trina McClain, was also present in the apartment and is another named plaintiff in this action, suing on her own behalf. Trina McClain has accepted Defendants' Rule 68 offer of $1,001. (ECF 77-1).

[2] Although the police officers had a search warrant, Plaintiff alleges that Defendants should have known that the confidential informant whose testimony supported the warrant was unreliable. Compl. ¶¶ 42, 45.

injuries, he suffered emotional trauma, for which Plaintiff took him to counseling. Declaration of Kamiesha McClain (ECF 77-2) ¶¶ 5-6.

On June 24, 2019, Plaintiff notified the Court that she had accepted Defendants' Rule 68 offer[3] and that an infant compromise order would be submitted for Court approval. (ECF 78).[4] Under the proposed infant compromise order, A.W. would receive $1,001, with any additional award of attorney's fees to be determined by the Court at a later date upon application. (ECF 77). According to the proposed compromise order, A.W.'s settlement proceeds would be deposited in an FDIC-insured interest-bearing savings account in either Brooklyn or Manhattan, to be withdrawn on A.W.'s eighteenth birthday. (*Id*. at 3). In support of the infant compromise order, Plaintiff submitted declarations from Plaintiff's counsel and from Plaintiff.[5] (ECF 77-1; ECF 77-2). The Court held an infant compromise hearing on October 30, 2019, with Plaintiff and her son A.W. both in attendance.

## I.  **Discussion**

### a.  **Legal Standard**

Settlement or termination of any action "by or on behalf of an infant" must be first approved by the Court. *See* L.R. 83.2(a)(1). Although the Court shall "conform, as nearly as may be, to the New York State statutes and rules," *id*., "[d]istrict courts have broad discretion when

---

[3] If a party rejects a Rule 68 settlement offer, they will be liable for the offerer's post-offer costs if the offeree fails to obtain a judgment greater than the Rule 68 offer. Fed. R. Civ. P. 68(d).

[4] The matter was subsequently referred to me for a report and recommendation. (ECF 79).

[5] New York Civil Procedural Law Rule 1208 requires the infant's representative to submit an affidavit explaining the nature of the claims and injuries and stating their approval of the proposed settlement . N.Y. C.P.L.R. § 1208(a). The infant's attorney must also file an affidavit explaining why they recommend the settlement. N.Y. C.P.L.R. § 1208(b).

conducting an infant compromise hearing." *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 89 (2d Cir. 2010). The purpose of the infant compromise proceedings is to ensure that the proposed settlement is "fair and reasonable and in the infant plaintiff's best interests." *See Edionwe v. Hussain*, 777 N.Y.S. 2d 520, 522 (N.Y. App. Div. 2004).

Although there is no bright-line test to determine if a settlement is fair and reasonable, the Court will often look at factors such as whether the settlement was the product of arm's length negotiation, the experience of the plaintiff's counsel, and whether there has been sufficient discovery to determine the fairness of the settlement in light of litigation risks. *See T.H. v. New York City Dep't of Educ.*, 99 F. Supp. 3d 394, 397 (S.D.N.Y. 2015). The Court may also consider future expenses, the likely duration of the litigation, and the risks of establishing liability and damages. *See Campbell v. City of New York*, No. 15-CV-2088 (PAE), 2015 WL 7019831, at *2 (S.D.N.Y. Nov. 10, 2015).

### b. The Parties' Proposed Settlement is Fair and Reasonable

Having reviewed the parties' submissions and examined the parties at the hearing, I am satisfied that the infant compromise was reached without undue influence. At the hearing, both counsel represented that the settlement was not the product of collusion, and that there is no conflict of interest between the parties. Oct. 30, 2019 Tr. (ECF 87) at 8:1-10; *see also* Declaration of Jeffrey A. Rothman (ECF 77-1) ¶ 10 (affirming that counsel has not received compensation from any party with adverse interests to the plaintiffs).

Although discovery has not started in earnest, Plaintiff's counsel explained that not accepting the Rule 68 offer, which risks shifting costs before major discovery costs such as

depositions have been incurred, would put them in a precarious financial position. Oct. 30, 2019 Tr. at 3:23-4:9. Plaintiff's counsel specifically pointed to the substantial risk in failing to establish damages at trial above the Rule 68 offer amount of $1,001. As submitted under seal to the Court, A.W.'s medical records show no physical injuries. Even though Plaintiff took A.W. to counseling to deal with emotional distress, the records further show that Plaintiff only sought counseling for A.W. after Plaintiff was advised to do so by counsel. Plaintiff also confirmed the lack of any out-of-pocket expenses for A.W.'s counseling. *Id*. at 6:16-20. This may have made it difficult for Plaintiff to establish at trial that A.W. is entitled to damages. *See Rodney v. City of New York*, No. 13-CV-6179 (RRM) (VMS), 2015 WL 1014165, at *3 (E.D.N.Y. Mar. 6, 2015) (approving $2,000 take-home amount where minor only suffered emotional distress from witnessing her mother's arrest and incurred no medical expenses).

There is also an issue of liability. Plaintiff's counsel referenced the risk, echoed by Defendants' counsel, that Defendants would be able to establish qualified immunity based on the officers acting within the scope of their duty in carrying out the search warrant and sweeping an unknown apartment. *See Los Angeles County, California v. Rettele,* 550 U.S. 609, 614 (2007) (finding reasonable officers' refusal to allow occupants to clothe themselves until the room was secured); *Bancroft v. City of Mount Vernon*, 672 F. Supp. 2d 391, 402 (S.D.N.Y. 2009) (finding reasonable acting on search warrant that, like here, was premised on a single confidential informant's information). Upon review of the records and questioning the parties, I agree that these would be significant risks if Plaintiff pursued this case to trial.

A.W.'s amount of $1,001 is reasonable even in light of his mother's receiving $5,001 under the Rule 68 offer. Plaintiff alleged that unlike A.W., she was tightly handcuffed to a chair,

after which she was arrested and held overnight at Brooklyn Central Booking. Compl. ¶¶ 19, 39-40. The more serious injuries alleged by Plaintiff suggest that A.W.'s amount should be less than Plaintiff's.

Lastly, A.W.'s guardian, Plaintiff, accepted the Rule 68 offer on behalf of her son. (ECF 77-2). At the hearing, Plaintiff confirmed that she believed it was in her son's interest to accept the Rule 68 offer rather than risk being liable for Defendants' fees. *See Orlander v. McKnight*, No. 12-CV-4745 (HBP), 2013 WL 4400537, at *4 (S.D.N.Y. Aug. 15, 2013) ("a settlement negotiated by the natural guardian of an infant is presumptively fair and in the best interests of the child"). As Plaintiff's counsel noted, accepting the Rule 68 offer would also help avoid forcing A.W. to endure the discomfort of testifying in depositions and/or at trial. Plaintiff also confirmed at the hearing that she approved the method of depositing A.W.'s payment in a savings account until his eighteenth birthday. Oct. 30, 2019 Tr. at 11:5-8.

## II. <u>Conclusion</u>

For the foregoing reasons, I recommend that the proposed infant compromise order, ECF 77, be approved.

## III. <u>Objections</u>

In accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days (including weekends and holidays) from receipt of this Report to file written objections. *See also* FED. R. CIV. P. 6. A party may respond to any objections within fourteen (14) days after being served. Such objections, and any responses to objections, shall be addressed to the Honorable John G. Koeltl, United States District Judge. Any requests for an extension of time for filing objections must be directed to Judge Koeltl.

**FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW.** (*See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *IUE AFL-CIO Pension Fund v. Herrmann*, 9 F.3d 1049, 1054 (2d Cir. 1993); *Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *Wesolek v. Canadair Ltd.*, 838 F.2d 55, 58 (2d Cir. 1988); *McCarthy v. Manson*, 714 F.2d 234, 237–38 (2d Cir. 1983)).

Respectfully submitted,

___*s/ Ona T. Wang*_____

Dated: November 21, 2019            **Ona T. Wang**
      New York, New York        United States Magistrate Judge