UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
KAMIESHA MCCLAIN, on her own behalf and )
as mother and next friend of her minor son A.W., )
and TRINA MCCLAIN, )
)
                       Plaintiffs, )
)
     -against- )
)
THE CITY OF NEW YORK; ASSISTANT )
DISTRICT ATTORNEY JUSTIN )
ASHENFELTER; NYPD POLICE OFFICER )
KEVIN ALLEN, Shield No. 17619; NYPD )
POLICE OFFICER YURIY DEMCHENKO, Shield )
No. 4740; NYPD SERGEANT "FNU" [First Name )
Unknown] GARGIN; NYPD SERGEANT )
MATTHE [first name may have further letters] )
PEREIRA; NYPD POLICE OFFICER "FNU" )
KATS, Shield No. 29087; NYPD DEPUTY )
INSPECTOR "FNU" TAYLOR; NYPD POLICE )
OFFICER "FNU" FINN; NYPD POLICE )
SERGEANT "FNU" KISH; NYPD LIEUTENANT )
ZALESKI; NYPD POLICE OFFICER JOHN )
FREISEN; NYPD POLICE OFFICER "FNU" )
LUKESON; NYPD POLICE OFFICER "FNU" )
SHIMIN; NYPD POLICE OFFICER "FNU" )
CIFUENTES; NYPD POLICE DETECTIVE )
PETER CONNOLLY, Shield No. 6354; NYPD )
POLICE DETECTIVE BRIAN HIGGINS, Shield )
No. 7655; NYPD POLICE DETECTIVE JOSEPH )
DOLAN, Shield No. 7637; NYPD POLICE )
DETECTIVE LENO HENDRICKS, Shield No. )
4817; NYPD POLICE SERGEANT RYAN )
GARGAN, Shield No. 1447; NYPD POLICE )
DETECTIVE "FNU" BARRY; NYPD POLICE )
DETECTIVE THOMAS LONGA, Shield No. 7623;)
NYPD POLICE DETECTIVE MICHAEL )
PARIDES, Shield No. 7759; NYPD POLICE )
DETECTIVE MICHAEL CACACE, Shield No. )
1990; NYPD POLICE DETECTIVE ARGAPITO )
SOLER, Shield No. 5009 (retired); ANY OTHER )
JOHN DOES MEMBERS OF THE NYPD WHO )
PARTICIPATED IN THE SEARCH OF )
PLAINTIFFS' APARTMENT OR IN PLAINTIFF )

**JUDGMENT PURSUANT TO RULE 68**

**18 Civ. 11836 (JGK)**



USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/20/2019

```
KAMIESHA's ARREST OR PROSECUTION,        )
INCLUDING BUT NOT LIMITED TO ANY         )
OTHER MEMBERS OF THE NYPD's              )
EMERGENCY SERVICES UNIT'S ("ESU") "A     )
TEAM"; JOHN DOES and RICHARD ROES,       )
                                         )
                       Defendants.       )
-------------------------------------------X
```

**WHEREAS,** plaintiff commenced this action by filing a complaint on or about December 17, 2018, and filed an Amended Complaint on January 9, 2019, alleging that defendants violated plaintiffs' federal civil and state common law rights; and

**WHEREAS,** defendants have denied any and all liability arising out of plaintiffs' allegations; and

**WHEREAS,** on May 13, 2019 (by email) and on May 14, 2019 (by regular mail), pursuant to Rule 68 of the Federal Rules of Civil Procedure, defendants offered to allow plaintiffs to take judgment against the City of New York; and

**WHEREAS,** on May 14, 2019, plaintiffs accepted defendants' Rule 68 Offer of Judgment; and

**WHEREAS,** on December 18, 2019, Judge Koeltl signed the Stipulation and Order of Compromise Concerning infant A.W.;

### NOW, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. Pursuant to Rule 68 of the Federal Rules of Civil Procedure, plaintiffs will take judgment against defendant City of New York in this action for the sum of Five Thousand and One Dollars ($5,001.00) to Kamiesha McClain, One Thousand and One Dollars ($1,001.00) to Trina McClain, and One Thousand and One Dollars ($1,001.00) to infant A.W., plus reasonable attorneys' fees, expenses and costs to the date of the offer for plaintiffs' federal claims.

2. This judgment shall be in full satisfaction of all federal and state law claims or rights that plaintiff may have to damages, or any other form of relief, arising out of the alleged acts or omissions of defendants or any official, employee, or agent, either past or present, of the City of New York, or any agency thereof, in connection with the facts and circumstances that are the subject of this action.

3. This judgment shall not to be construed as an admission of liability by defendants or any official, employee, or agent of the City of New York, or any agency thereof; nor it is an admission that plaintiffs have suffered any damages.

4. In accepting defendants' offer of judgment, plaintiffs release and discharge defendants; their successors or assigns; and all past and present officials, employees, representatives, and agents of the City of New York, or any agency thereof, from any and all claims that were or could have been alleged by plaintiffs arising out of the facts and circumstances that are the subject of this action.

5. By accepting the offer of judgment, plaintiffs waived plaintiffs' rights to any claim for interest on the amount of the judgment.

6. By accepting the offer of judgment, plaintiffs agreed that the aforesaid payments of Five Thousand and One Dollars ($5,001.00) to Kamiesha McClain, One Thousand and One Dollars ($1,001.00) to Trina McClain, and One Thousand and One Dollars ($1,001.00) to infant A.W., within ninety (90) days of the date of acceptance of the offer shall be a reasonable time for such payment, unless plaintiffs received medical treatment in connection with the underlying claims in this case for which Medicare has provided, or will provide, payment in full or in part. If plaintiffs are Medicare recipients who received medical treatment in connection with the claims in this

case, the ninety (90) day period for payment shall start to run from the date a Medicare recipient plaintiff submits to Counsel for Defendants a final demand letter from Medicare.

7. By acceptance of this Rule 68 Offer of Judgment, plaintiffs agree to resolve any claim that Medicare may have for reimbursement of conditional payments it has made as a secondary payer, and a Medicare Set-Aside Trust shall be created, if required by 42 U.S.C. § 1395y(b) and 42 C.F.R. §§ 411.22 through 411.26. Plaintiffs further agree to hold harmless defendants and all past and present officials, employees, representatives and agents of the City of New York, or any agency thereof, regarding any past and/or future Medicare payments, presently known or unknown, made in connection with this matter.

Dated: New York, New York

12/20, 2019

HON. JOHN G. KOELTL, U.S.D.J

4